**HOSPITAL FOR JOINT DISEASES & MEDICAL CENTER, Petitioner,**

v.

**Leon J. DAVIS, President of District 1199, and District 1199, Respondents.**

**No. 77 Civ. 2919 (HFW).**

United States District Court,
S. D. New York.

Nov. 7, 1977.

Lawrence Rosenbluth, New York City, for Hospital for Joint Diseases & Medical Center.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for District 1199, by Richard Dorn, New York City, of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

This action stems from a labor dispute between the petitioner Hospital For Joint Diseases & Medical Center (the "Hospital") and District 1199, National Union of Hospital and Health Care Employees (the "Union").

Petitioner, a voluntary hospital operating in Harlem, New York, is a member of the League of Voluntary Hospitals & Homes of New York, Inc. and is a signatory to a collective bargaining agreement between the League and the Union. The agreement covers terms and working conditions of employees employed by the Hospital and spe-

cifically provides detailed limitations on the Hospital's ability to subcontract work done by the Union's bargaining unit. Despite these limitations on subcontracting, in April of 1977 the Hospital closed its laundry facility and subcontracted the laundry work formerly performed by its unionized employees. The Union, upon learning of such discontinuance of service, submitted the dispute to arbitration as a grievance [1] under the collective bargaining agreement which in relevant part provides

"[a] grievance, as defined in Article XXVIII, which has not been resolved thereunder may, within fifteen (15) working days after completion of Step 3 of the grievance procedure, be referred for arbitration by the Hospital or the Union to an arbitrator selected in accordance with the procedures of the American Arbitration Association. The arbitration shall be conducted under the Voluntary Labor Arbitration Rules then prevailing of the American Arbitration Association."

Article XXIX, § 1.

The Hospital thereafter petitioned New York State Supreme Court to stay the arbitration. The Union, predicating jurisdiction under the United States Arbitration Act, 9 U.S.C. § 4, and the Labor Management Relations Act, 29 U.S.C. § 185, removed the action to this district court pursuant to 28 U.S.C. § 1441.

The Union in its cross petition requests a dismissal of the Hospital's petition to stay arbitration, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, an order compelling the Hospital to arbitrate the parties' dispute, and an award of reasonable attorneys' fees.

The Hospital in its motion papers seeks a dismissal of the Union's cross petition and summary judgment pursuant to Rule 56 and/or Rule 12(c) of the Federal Rules of Civil Procedure.

The Hospital's petition to stay arbitration alleges that the closing of the Hospital's laundry facility and the resulting subcontracting of laundry services violated various health codes and regulations of the City and State of New York, the New York City Fire Department and the Occupational Safety and Health Administration of the federal government. Due to these existing violations the Hospital argues that the dispute as to the facility's closing and subsequent subcontracting is non-arbitrable under the bargaining agreement's own terms which state that

"[i]t is understood and agreed that all agreements herein are subject to all applicable laws now or hereafter in effect; and to the lawful regulations, rulings and orders of regulatory commissions or agencies having jurisdiction. If any provision of this Agreement is in contravention of the laws or regulations of the United States or of the State of New York, such provision shall be superseded by the appropriate provision of such law or regulation, so long as same is in force and effect; but all other provisions of this Agreement shall continue in full force and effect."

Article XXX.

The Hospital contends that but for Article XXX above, the issues of the closing and subcontracting would be arbitrable, but that to permit the Union to raise these issues before an arbitrator may result in an arbitration award ordering the Hospital to discontinue subcontracting and to resume laundry services within facilities that violate the above mentioned rules and regulations. It is for this reason that the Hospital seeks a determination that Article XXX removes the issues of the laundry closing and subcontracting from the arbitrator's realm.

---

1. Contained within the collective bargaining agreement is a broad grievance provision which states

"[a] grievance shall be defined as a dispute or complaint arising between the parties hereto under or out of this Agreement or the interpretation, application, performance, termination, or any alleged breach thereof, and shall be processed and disposed of in the following manner:"

Article XXVIII, § 1.

The Union contends that the Hospital's argument that Article XXX expressly makes the issues non-arbitrable is meritless. The Union argues that nothing within the bargaining agreement contravenes any laws or regulations, that the Hospital's arguments are premature and should be presented as defenses before the arbitrator, and that no assumption should be made that an arbitrator would order the Hospital to violate any law.

I hold this to be an arbitrable dispute. The Union's cross petition to compel arbitration is granted.

It is now a "well established principle of federal law that unless a collective bargaining agreement clearly manifests a contrary intent, it is for the courts, . . . to decide whether the parties to that agreement have agreed to submit specific disputes to arbitration." *Gangemi v. General Electric Co.,* 532 F.2d 861, 865 (2d Cir. 1976), *citing Operating Engineers v. Flair Builders, Inc.,* 406 U.S. 487, 491, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *John Wiley & Sons v. Livingston* 376 U.S. 543, 546–47, 84 S.Ct. 909, 11 L.Ed.2d 898 (1962); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). In arriving at such a determination the "issue is to be resolved judicially as a matter of contract law." *Trans World Airlines, Inc. v. Beaty,* 402 F.Supp. 652, 656 (S.D.N.Y.1975), *citing International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, U. A. W. v. International Telephone and Telegraph Corp., Thermotech Division,* 508 F.2d 1309, 1313 (8th Cir. 1975); *Oil, Chemical & Atomic Workers Local 7–210 v. American Maize Products Co.,* 492 F.2d 409 (7th Cir.), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3173, 41 L.Ed.2d 1140 (1974); *Procter & Gamble Independent Union v. Procter & Gamble Manufacturing Co.,* 312 F.2d 181, 184 (2d Cir. 1962), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

The issue at bar is the breadth of the parties agreement to arbitrate when all pertinent contract clauses are read together. The rule to be applied here is derived from the famous Steelworkers Trilogy. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). As stated by the Supreme Court, "[a]n order to arbitrate the particular grievance should not be denied unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. at 582–83, 80 S.Ct. at 1353. Clearly the arbitration clause in the parties' agreement covers the dispute at hand but the Hospital would have this court negate such coverage through Article XXX, quoted above.

The Hospital argues that because the arbitrator *may* find in favor of the Union and *may* order the Hospital to resume laundry service that the Hospital *may* then be in violation of various rules and regulations upon compliance with such arbitration award. Such an argument must fail. This court cannot assume that an arbitrator will totally disregard the laws applicable to the Hospital's laundry situation and deliberately order the Hospital to violate such laws. The Second Circuit has refused to stay arbitration based upon an argument that an arbitrator might render an award compelling an employer to commit an unfair labor practice. "We cannot construct a framework of legal principles governing arbitration on the theory that the arbitrator is ignorant or oblivious of the pronouncement of the [National Labor Relations] Board and the Courts." *Carey v. General Electric Co.,* 315 F.2d 499, 512 (2d Cir. 1963), *cert. denied,* 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 170 (1964). This reasoning is applicable to the case at bar. Furthermore, should an arbitrator render an award compelling the Hospital to violate

any law, such award is subject to challenge in an action to vacate. *See Carey v. General Electric Co.,* 315 F.2d at 508; *Monroe Sander Corp. v. Livingston,* 377 F.2d 6, 13 (2d Cir.), *cert. denied,* 389 U.S. 831, 88 S.Ct. 97, 19 L.Ed.2d 89 (1967).

 In the instant case the arbitrator may find any argument on the Union's part to be meritless. Alternatively, he may determine that the Hospital's position is without merit and order it to reopen its laundry facility in compliance with the various codes and regulations applicable to it and to cease subcontracting. Only if the Hospital is ordered to reopen its facility as it presently exists will a violation of law possibly occur. Moreover, even assuming that an arbitrator were to order the Hospital to reopen its laundry facility as it presently exists, the Hospital is well aware of what adjustments are necessary to conform its facility to existing standards in order to avert any violations. (This is evidenced by the affidavit of the Hospital's Director submitted in support of its petition for a stay.) The Hospital contends that expenses involved in conforming its laundry facility to legal standards are prohibitive when balanced against its current financial position. I note that this contention is not properly before this court since it is clearly a defense related to the merits of the controversy. "The courts, . . . have no business weighing the merits of the grievance, considering whether there is equity in a particular claim or determining whether there is particular language in the written instrument which will support the claim." *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. at 568, 80 S.Ct. at 1346 (footnote omitted). Therefore this argument and all others which the Hospital and the Union may have will be properly raised before and duly considered by the arbitrator.

For the foregoing reasons the Union's cross petition to compel arbitration is granted; the Hospital's petition to stay arbitration is dismissed and summary judgment is denied.

In exercising my discretion I decline to award attorneys' fees to the Union.

SO ORDERED.